UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                       )<br>)<br>JIANGYU ZHU and                          )<br>KAYOKO KIMBARA                        ) | Criminal No. 05-10153-GAO |

MOTION FOR MODIFICATION OF
RELEASE CONDITIONS TO PERMIT RETURN OF CASH DEPOSIT
AND SUBSTITUTION OF ALTERNATE SECURITY

Pursuant to 18 U.S.C. § 3142(c)(3), Dr. Jiangyu Zhu and Dr. Kayoko Kimbara move for modification of their respective release conditions to permit return of the cash deposit made to secure their release in 2002, and to substitute instead a trust deed on their residence in such amount as the Court deems warranted. In support of this motion, Dr. Zhu and Dr. Kimbara state as follows:

1.  On June 17, 2002, the government filed a criminal complaint in this case, charging the defendants with violations of the Economic Espionage Act ("EEA"), 18 U.S.C. § 1832, and with the interstate transportation of stolen property ("ITSP") in violation of 18 U.S.C. § 2314. The government issued a press release shortly after filing the Complaint. The focus of the press release was the Economic Espionage Act and the central allegation by Harvard that Drs. Zhu and Kimbara had stolen trade secrets and shipped them overseas to Japan for commercial use. Specifically, the government claimed at that time that defendants had stolen "certain trade secrets belonging to Harvard Medical School, some of

       which are the subject of a patent application filed with the U.S. Patent and Trademark Office, and which are related to and included in products that have been produced by Harvard Medical School for and placed in interstate and foreign commerce."

2. On June 19, 2002, Drs. Zhu and Kimbara were arrested in San Diego on the Criminal Complaint. The government moved for their detention. After being held in custody for nine days, on June 27, 2002, Drs. Zhu and Kimbara were released on conditions negotiated by Dr. Kimbara's counsel with the government, which included deposit of $250,000 cash bail for Dr. Zhu, $250,000 cash bail for Dr. Kimbara, a curfew, electronic monitoring, and limitations on their ability to travel.

3. Dr. Kimbara's father, Masakazu Kimbara, who lives in Yokohama, Japan, borrowed money from his business to post the cash bail for both Dr. Zhu and Dr. Kimbara. The money posted by Mr. Kimbara belongs to Mr. Kimbara and, pursuant to the cash deposit forms lodged with the Court, must be returned to Mr. Kimbara if and when it is released by the Court.

4. Defense counsel presented the government with documentation that the alleged trade secrets had long been publicly available, including copies of genetic sequences maintained on the NIH Internet database, relevant scientific articles, patent applications and evidence that Dr. Frank McKeon personally had publicized the assertedly secret research at international symposiums months before any allegation of criminal theft of trade secrets.

5. The Indictment returned in this matter on June 16, 2005 no longer asserts a violation of the EEA. Defendants are now charged solely with transportation of stolen property alleged to have a value of greater than $5,000. Defendants have pleaded not guilty, and specifically deny any unauthorized taking of property or that the materials transported from Harvard to the University of Texas had a market value of greater than $5,000.

6. By Order filed July 12, 2005, the Court amended defendants' release conditions to delete the curfew and electronic monitoring conditions. The defendants' request that the Court lower the amount of the bond was "DENIED WITHOUT PREJUDICE to a renewal of the request after the issues with respect to defendant Zhu's representation [had been] resolved." The Court subsequently appointed the Federal Public Defender to represent Dr. Zhu.

7. The defendants respectfully submit that there is good cause to lower the amount of the bonds securing their release. The Defendants do not present any risk of flight. They have been on release without incident for more than three years and have complied with all conditions of their release. They have lived in the San Diego area continuously for the past five years. Each is a permanent resident alien. They are expecting their first child in December.

8. Moreover, the allegations supporting the government's request for their initial detention and ultimately the defendants' negotiated release upon deposit of $500,000 - claims that valuable trade secrets had been sent to Japan for commercialization - have been dropped, as has the claim of violation of the EEA.

9. Defendants submit that, were the Court setting release conditions for the first time based on the single count of the Indictment, an unsecured personal appearance bond would provide sufficient assurances that the defendants would appear for trial. Certainly, having demonstrated their commitment to comply with release conditions for more than three years, no greater security should be necessary. However, should the Court determine that some security should be posted, defendants request that they be permitted to substitute a trust deed on their San Diego residence in such amount as the Court believes appropriate.

10. Defendants purchased their residence in 2004 for $525,000, subject to mortgages totaling $472,500. According to information reported on LEXIS, neighboring properties have sold in 2005 for $625,000 and $572,000. Thus, defendants believe the current value of their equity in the property exceeds $100,000.

11. The government, by Assistant U.S. Attorney Allison Burroughs, has not assented to this motion.

For these reasons, Dr. Zhu and Dr. Kimbara request that the Court modify their release conditions to permit return to Dr. Kimbara's father of the cash security he posted for their release in 2002, and substitution of such other security as the Court deems appropriate.

| | |
|---|---|
| JIANGYU ZHU<br>By his attorney, | KAYOKO KIMBARA<br>By her attorney, |
| / s / Miriam Conrad | /s / Dan Marmalefsky |
| Miriam Conrad<br>Federal Defender Office<br>408 Atlantic Avenue, 3rd Floor<br>Boston, MA 02110<br>Tel. 617-223-8061 | Dan Marmalefsky<br>Morrison & Foerster LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles CA 90013-1024<br>Tel. 213-892-5809 |