UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 05-10153-GAO |
| JIANGYO ZHU and KAYOKO KIMBARA | ) ) ) | |
| Defendants | ) ) | |

**MEMORANDUM OF UNITED STATES REGARDING OBLIGATION
TO CONDUCT PRETRIAL DIVERSION COLLOQUY**

Per the Court's request at the June 7, 2006 status conference in this matter, the United States has researched the extent to which the Court may be obligated to conduct a colloquy with the defendants in connection with the Pretrial Diversion Agreement that the parties filed with the Court on April 13, 2006. This memorandum sets forth the results of that research.

In brief, the government has not found any federal case law discussing a colloquy requirement at the time of entry into a pretrial diversion agreement. Those cases that address pretrial diversion often do so in the context of a challenge by the defendant to the government's refusal to offer diversion. In that context, courts have articulated the broad principle that separation of powers principles preclude any judicial role in overseeing the decision whether or not to offer diversion. E.g., United States v. Nathan, 816 F.2d 230, 234 (6th Cir. 1987).

Outside the pretrial diversion setting, there is a small body of law discussing the extent to which colloquies may be required in connection with fact stipulations that embody all of the legal elements necessary for conviction. See Bonilla-Romero v. United States, 933 F.2d 86 (1st Cir. 1991); United States v. Lyons, 898 F.2d 210 (1st Cir. 1990) (also citing cases from other

circuits). The latter cases, however, involved the use of trial by stipulation as a procedural vehicle for preserving the defendant's ability to appeal an adverse ruling on a pretrial motion to suppress. Thus, the acknowledged purpose and effect of the stipulations – which were made in court, before a judge – was to cause the defendant's conviction as a means of getting the suppression issue before the court of appeals. For that reason, entry into the stipulations was deemed sufficiently analogous to a plea of guilty – it, in fact, resulted in the defendant's immediate conviction – to require some form of colloquy.[1]

      The procedural context at issue here is quite different. The diversion agreement does not entail in-court stipulations made during trial. There are no constitutional rights being waived. The purpose of the agreement is not the defendants' conviction. Nor is the court being asked to enter a finding of guilt.

      Instead, what this case involves are extrajudicial admissions made by the defendants in connection with a consensual out-of-court agreement that envisions – not conviction – but rather the dismissal of the indictment at the end of the diversion period (assuming full compliance). Similar out-of-court admissions occur in numerous contexts, including proffer sessions, grand jury testimony by cooperating defendants, and the like – all without judicial involvement or inquiry into the voluntariness of the statements. This is so even though in each of the foregoing instances the defendant's statements could be used against him/her in a subsequent proceeding (e.g., if a cooperating witness breaches the cooperation agreement). Yet a colloquy is not

---

      [1] The need for such procedural maneuvers was largely obviated by an amendment to Rule 11 to permit conditional pleas of guilty, while reserving the right to appeal adverse pretrial rulings. See Fed. R. Crim. P. 11(a)(2). The cases discussing fact stipulations involve events that appear to pre-date that amendment.

required because the statements are: (a) made in an extrajudicial context, and (b) not a prerequisite to a finding of guilt.

In view of the foregoing distinctions, it is the parties' considered view that neither Bonilla-Romero nor Lyons applies to this case, and that no colloquy is required.

Respectfully submitted,

MICHAEL J. SULLIVAN

United States Attorney

 /s/ **Michael J. Pineault**
Michael J. Pineault
Assistant U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210
617-748-3261

Date: June 15, 2006